10-2832-cv
Revella v. Kohl's Department Stores, Inc.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29ᵗʰ day of August, two thousand eleven.

PRESENT:

> RALPH K. WINTER,
> JOSÉ A. CABRANES,
> CHESTER J. STRAUB,
> *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

JOELLEN REVELLA,

*Plaintiff-Appellant,*

v.                                                     No. 10-2832-cv

KOHL'S DEPARTMENT STORES, INC.,

*Defendant-Appellee.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PLAINTIFF-APPELLANT:**      ROBERT E. DINARDO, Jacobowitz and Gubits, LLP, Walden, NY.

**FOR DEFENDANT-APPELLEE:**      STEVEN F. GOLDSTEIN, Carle Place, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (George A. Yanthis, *Magistrate Judge*).[1]

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiff-Appellant JoEllen Revella ("Revella") appeals from a final judgment entered after a jury trial, seeking review of certain *in limine* evidentiary rulings. We find no abuse of discretion in these rulings, and therefore affirm the judgment below.

In the negligence action below, Revella claimed that defendant-appellee Kohl's Department Stores, Inc. ("Kohl's") falsely reported to the United Store Mutual Association ("USMA") database—which is used by major retailers to conduct background checks of prospective employees—that she had been terminated from employment with Kohl's for theft. She claimed that, as a result of Kohl's negligence, she was unable to secure employment for a four-month period in 2004, until she was hired by Marshalls, a retail outlet that did not use the USMA database. After leaving Marshalls, she took a job a Linens 'n Things in February 2006, but was terminated just a week after being hired, when Linens 'n Things discovered the false report on the USMA database. Thereafter, she was unable to secure employment in retail for another three months, before concluding in May 2006 that she was unemployable and therefore deciding to enroll in community college to embark on a different career. Revella sought damages for lost income for the four-month period in 2004 and an undefined period following her termination by Linens 'n Things in 2006, in addition to damages for emotional distress.

Prior to trial, Kohl's stipulated to its negligence in making the false report, but maintained that its negligence did not proximately cause Revella's claimed damages. Kohl's also moved, *in limine*, for a ruling precluding Revella's proffered expert testimony on economic damages, arguing, *inter alia*, that the proffered testimony was unduly speculative. Additionally, Kohl's moved, *in limine*, to preclude Revella from seeking any damages whatsoever on the theory that the report did not proximately cause her claimed damages. After a hearing, the District Court ruled that Revella would be permitted only to prove damages from the time that she was terminated from Linens 'n Things, in February 2006, to the time that she enrolled in community college, in May 2006. It concluded that evidence of Revella's lost income in the four-month period in 2004 was too speculative for "numerous reasons," including that there was no firm evidence that the false report had even been filed at that time. With respect to

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties consented to have a United States magistrate judge conduct any and all proceedings, including the trial and entry of final judgment.

prospective lost income post-dating her enrollment in community college and tuition expenses related thereto, the District Court concluded that "there is insufficient basis to say that she could never get a job in retail and had to go to school to be a psychologist." Because Revella's expert had only calculated her prospective lost income, the District Court's *in limine* ruling effectively precluded Revella's expert testimony on lost income entirely. Later, after the close of evidence, the District Court ruled that the jury could not consider evidence of lost income relating to the period between her termination from Linens 'n Things and her enrollment in community college, because Revella had relied only on her own uncorroborated recollection of her income at Linens 'n Things to prove these damages. The District Court therefore instructed the jury not to consider lost-income damages, and the jury subsequently found in favor of Revella, but awarded her only damages for emotional distress.

We review a district court's "decision to admit or exclude evidence . . . for abuse of discretion." *Henry v. Wyeth Pharms., Inc.*, 616 F.3d 134, 149 (2d Cir. 2010); *cf. Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) ("A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." (alteration, citations, and quotation marks omitted)). "A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

We find no error in the *in limine* rulings from which Revella appeals. Revella sought to prove damages for the four-month period of unemployment during 2004 through circumstantial evidence that Marshalls, the only retail outlet to hire her after she left Kohl's, did not use the USMA database. The District Court was well within his discretion in finding that such circumstantial evidence provided an unduly speculative basis for Revella's expert to opine on lost income, especially given the lack of any evidence to show that Kohl's had actually made the false report to the USMA database prior to that time, or that any of the stores that declined to hire her did so after consulting the database. With respect to prospective lost income post-dating her enrollment in community college, we agree with the District Court's determination that it is entirely speculative to assume that she would never have gotten another job in retail, especially given the fact that the false report had, by then, been removed from the USMA database and both Kohl's and the USMA had provided Revella with letters explaining the error. It was not an abuse of discretion for the District Court to preclude Revella from testifying, based on her own experience, that she was unemployable.

We have reviewed all of Revella's arguments on appeal and we conclude that they are without merit.

3

## **CONCLUSION**

For the reasons stated above, the judgment of the District Court is **AFFIRMED**.


                                       FOR THE COURT,
                                       Catherine O'Hagan Wolfe, Clerk of Court